UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEN WILLIAMS (#427527)                          CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                           NO. 10-0268-FJP-CN

O R D E R

This matter comes before the Court on the plaintiff's Motion for Preliminary Injunction.  Rec.doc.no. 23.

The pro se plaintiff, an inmate previously confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Secretary Richard Stalder, DCI Warden Steve Rader, Ass't. Warden Gary Shotwell, Educational Director Angela Day, Classification Officer Faith Cuevas, Classification Officer Sibil Garig, Col. Bently, Col. John Smith, Lt. Col. Brumfield, Major Wordly, Capt. K. Steward, Capt. McCray, Capt. Miley, Lt. Moore, Msgt. Russell Sanders, Nurse Travis Day and Nurse "Jane Doe", contending that the defendants have violated his constitutional rights through deliberate medical indifference, through a failure to provide him with incentive pay and/or appropriate compensation, through a denial of visitation rights, through denials of his requests for geographical transfer, through threats and intimidating conduct, through wrongful disciplinary reports and punishment, through denials of his disciplinary appeals and administrative grievances, through forced educational testing and alteration of the results, through wrongful job termination and re-assignment, through deprivation of his property, through unconstitutional conditions of confinement, through racially discriminatory practices, and through a retaliatory transfer to his current place of confinement at the River Bend Detention Center in Lake

Providence, Louisiana.

In the instant motion, the plaintiff now seeks preliminary injunctive relief, complaining of conditions at his current place of confinement, specifically complaining that his mail is being interfered with and that there is limited access to legal materials and to medical care. He prays for an Order compelling the defendants to transfer him to Elayn Hunt Correctional Center in St. Gabriel, Louisiana, and to allow him to retain possession of "all legal papers and soft covered books" once there. He further prays for the Warden at his current place of incarceration "to create a logbook system for plaintiff that verifies instant outgoing mail and which also logs incoming mail". The plaintiff is not entitled to the relief requested. The law is well-settled that inmates have no justifiable expectation that they will be incarcerated in any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Transfers of state prisoners to other prisons within the state, the conditions of which may be substantially less favorable, do not amount to constitutional deprivations. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Further, this Court does not have jurisdiction in the nature of mandamus to compel state officers or employees to perform duties owed to the plaintiff, as for example compelling the warden of the River Bend Detention Center to "create a logbook system". Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D. Mont. 1986); 28 U.S.C. § 1361. Finally, although the plaintiff complains that he is not receiving appropriate medical attention for an injury which he allegedly sustained in 2004, the plaintiff makes no showing that he will suffer irreparable injury if injunctive relief is not granted. Specifically, there are insufficient allegations to suggest that the plaintiff faces a real danger of actual and immediate harm if his motion is denied. It appears,

therefore, that the plaintiff's claims are susceptible of being adequately addressed in an ordinary proceeding, and his request for injunctive relief shall be denied. Specifically, the plaintiff has failed to sufficiently establish any of the four elements warranting such relief: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). Accordingly,

IT IS ORDERED that the plaintiff's Motion for Preliminary Injunctive relief, rec.doc.no. 23, be and it is hereby DENIED.

Baton Rouge, Louisiana, this _____ day of October, 2010.

FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE